**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 22, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JUDITH SIZEMORE,

     Plaintiff-Appellant,

  v.

STATE OF NEW MEXICO
DEPARTMENT OF LABOR;
CONROY CHINO, New Mexico
Secretary of Labor, individually;
JACKIE INGLE, Division Director;
HOWARD WILLIAMS, Deputy
Division Director, Administrative
Services Division; JOEL KORNGUT,
Bureau Chief, Human Resources
Bureau; TERRY OTHICK,
Information Services Consultant, New
Mexico Department of Labor,
individually; ROBERT CASWELL
INVESTIGATIONS, INC., a
New Mexico corporation; ROBERT
CASEY; KARL WIESE; LEROY
LUCERO, individually and in their
capacities as investigators, Robert
Caswell Investigations, Inc.,

     Defendants-Appellees.

No. 05-2198
(D.C. No. CIV-04-272 JP/DJS)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata,

(continued...)

Before **HENRY, BRISCOE,** and **MURPHY**, Circuit Judges.

Judith Sizemore appeals from the district court's orders (1) granting summary judgment in favor of the defendants on her complaint alleging violations of Title VII and 42 U.S.C. § 1983; (2) denying her motion to extend time to respond to the summary judgment motion; and (3) denying her Fed. R. Civ. P. 59(e) motion to amend the judgment.  We affirm.

**FACTS**

The State of New Mexico Department of Labor (DOL) employed Ms. Sizemore as a Computer and Information Systems Manager in its Management and Information Systems Bureau.  It terminated her employment effective May 6, 2003.  Ms. Sizemore filed her complaint against the defendants on March 10, 2004, alleging gender discrimination and violation of her civil rights.[1]

---

[*](...continued)
and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     Defendants Robert Casey, Leroy Lucero, Karl Weise and Robert Caswell Investigations, Inc., were dismissed from the case on January 28, 2005. Ms. Sizemore does not challenge their dismissal in this appeal.  Reference to the "defendants" in this order and judgment means the remaining defendants, who were not dismissed in the January 28, 2005, order.

The district court entered an initial pretrial report including deadlines for dispositive motions and responses. This report, however, contained an error: it required that pretrial motions be filed with the court and served on the opposing party by March 28, 2005, but responses were to be filed and served *by an earlier date*, March 22, 2005. On October 5, 2004, the magistrate judge assigned to the case amended the pretrial report sua sponte to provide that responses be filed and served on or before April 11, 2005. Aplt. App. at 85. No party objected to this order amending the pretrial report.

On March 28, 2005, the defendants filed their motion for summary judgment. They served the motion on Ms. Sizemore by electronic mail. Ms. Sizemore asserts, however, that the exhibits accompanying the memorandum, which ran well over one hundred pages, were sent to her by regular mail.

On April 9, 2005, Ms. Sizemore's attorney sent a letter by fax and regular mail to defendants' counsel, requesting an extension of time in which to file her response to the motion for summary judgment. *Id.* at 243. Counsel explained that "the memorandum, as well as the documents in support, are rather voluminous and I require more time than the fourteen days provided for under the Local Rules to respond." *Id.*[2] Notwithstanding the April 11, 2005 deadline for responses

---

[2] Counsel appears to have been referring to D.N.M.LR-Civ. 7.6(a), which provides a party with fourteen days to respond to a motion. In calculating her response time for purposes of her appellate argument, Ms. Sizemore does not rely

(continued...)

specifically provided in the amended pretrial report, counsel stated that he had calculated the response date as April 14, 2005. He requested an extension to April 28, 2005.

Defendants' counsel responded to the letter on April 12, stating their position that the response had been due on April 11, 2005. They offered an extension until April 14, however, conditioned on Ms. Sizemore's agreement to extend the time for their reply. A paralegal working for Ms. Sizemore's counsel telephoned defendants' counsel on April 12, requesting an extension until April 18. Defendants' counsel did not agree. On April 15, 2005, having received no response from Ms. Sizemore to their motion for summary judgment, defendants filed a notice that briefing was complete.

On April 18, 2005, the district court granted defendants' summary judgment motion. In its order, the district court noted that Ms. Sizemore had not filed a response to the motion within the time permitted by the court's rules (that is, on or before April 11, 2005). Nor had she filed a response by the extended deadline that defendants had proposed, April 14, 2005. Consequently, the district court reasoned, she was deemed to have consented to its grant of the motion. In any event, the district court continued, having reviewed the motion on its merits,

_____

[2](...continued)
on the local rule. Instead, she calculates the response date based solely on Fed. R. Civ. P. 56(c). Accordingly, we do not address whether the deadline set by the magistrate judge complied with the provisions of D.N.M.LR-Civ. 7.6(a).

the defendants had met their burden under Fed. R. Civ. P. 56(e), and were therefore entitled to summary judgment.

At approximately 10:30 p.m. on the same day that the district court entered summary judgment, Ms. Sizemore filed a motion for extension of time to file a response to the defendants' motion for summary judgment. *See* Aplt. App. at 397.[3] She began her motion by calculating that "[u]nder Fed. R. Civ. P. 6(e)" her response had been due on April 14, 2005. *Id.* at 237. She denied defendants' contention (and the district court's conclusion), that the response had been due on April 11. Without mentioning the amended pretrial report, Ms. Sizemore stated that she had determined the response date by "resolv[ing] [the] obvious typographical error" in the original report, and by "calculat[ing] the deadline for responding as April 14th, 2005, not the [sic] March 22nd, 2005." *Id.* at 238. Explaining her failure to file a response even by the latter date, April 14, Ms. Sizemore noted that "[d]ue to a miscommunication between . . . counsel and his staff," the response had been prepared by April 14th, but not filed until four days later. *Id.* at 239. Defendants opposed the motion for extension of time.

---

[3] Ms. Sizemore claimed she had no knowledge of the entry of summary judgment when she filed her motion.

Ms. Sizemore filed her summary judgment response on May 3, 2005. On the same day, she filed a motion pursuant to Fed. R. Civ. P. 59(e) to alter or amend the judgment dismissing her complaint.[4]

On June 24, 2005, the district court denied the motion for extension of time; struck Ms. Sizemore's response to the motion for summary judgment; and denied her Rule 59(e) motion. Ms. Sizemore filed her notice of appeal the same day.

**ANALYSIS**

**1. Due date for summary judgment response**

We begin by determining whether Mr. Sizemore's summary judgment response was due on April 11, 2005 or on April 14, 2005. At first glance, this point may seem inconsequential, for at least two reasons. First, Ms. Sizemore filed neither a summary judgment response nor a motion for extension even by the latter of these two dates. Second, defendants were willing to grant her an

---

[4]    Defendants have argued that the Rule 59(e) motion was filed outside the ten-day deadline for filing such motions. It appears, however, that the motion was timely. The district court entered its order granting summary judgment on April 18, 2005. Under Fed. R. Civ. P. 6(a), intermediate Saturdays, Sundays, and legal holidays are excluded from the ten-day calculation for filing a Rule 59(e) motion. This made the motion due on May 2, 2005. A local rule provides, however, that a document filed electronically before 8:00 a.m. the next business day is considered to have been filed on the previous business day. *See* D.N.M.LR-Civ. 5.5(a). Ms. Sizemore electronically filed her Rule 59(e) motion at 7:10 a.m. on May 3, 2005. The district court therefore found that the motion was timely filed. *See* Aplt. App. at 401 n.5.

extension to April 14 to do so in any event. It is necessary to resolve the issue, however, because the district court's exercise of its discretion to deny Ms. Sizemore's motion for extension of time rested heavily on its finding that her motion should have been filed by April 11, 2005.

Ms. Sizemore does not deny that the magistrate judge required her to file a response on or before April 11, 2005. She argues, however, that the magistrate judge lacked authority to set that deadline, because the deadline did not provide her with the ten-day response time implicitly required by Fed. R. Civ. P. 56(c). *See Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1163-64 (10th Cir. 1998). In her reply brief, Ms. Sizemore further argues that the magistrate judge did not have authority to enter the order under Fed. R. Civ. P. 16(b), which permits only the district court to modify a pretrial order unless otherwise provided by local rule. Ms. Sizemore did not object to the magistrate judge's order amending the deadline within the time provided for such objections by the Rules of Civil Procedure. *See* Fed. R. Civ. P. 72(a). Nor does the record reflect that she raised either of her arguments concerning the magistrate judge's authority to the district court at any time. We therefore conclude that she has failed to present any cognizable appellate argument to overcome the district court's reliance on the specific April 11, 2005, response date set forth in the amended pretrial report.[5]

---

[5] It should be clear, moreover, that the deadline was April 11 and not some
(continued...)

## 2. Denial of motion for extension of time

As noted, Ms. Sizemore filed a motion for extension of time on April 18, 2005, seven days after her summary judgment response was due. The district court may, in its discretion, "upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b)(2). "We review for abuse of discretion a district court's decision whether or not to consider such an untimely motion." *Quigley v. Rosenthal*, 427 F.3d 1232, 1237 (10th Cir 2005).

In determining whether a movant seeking additional time has shown excusable neglect, courts consider "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993) (stating factors in context of "excusable neglect" test of Bankruptcy Rule 9006(b)); *Panis v. Mission Hills*

---

[5](...continued)
later date as calculated under Fed. R. Civ. P. 6. The pretrial report contained no "period of time" or "prescribed period" within which Ms. Sizemore had to act. Rather, the pretrial report, as amended, set forth a *specific date* by which Ms. Sizemore had to file her response to the defendants' motion for summary judgment. Thus, neither Rule 6(a) nor 6(e) were triggered by the deadline set forth in the pretrial report. *See, e.g., Fleischauer v. Feltner*, 3 F.3d 148, 151 (6th Cir. 1993) ("Computation under Rule 6(a), by its very nature, is only necessary when a court orders something to be done in a particular number of days.").

*Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (applying *Pioneer Inv. Servs.* definition of "excusable neglect" in Rule 6(b) context). The district court found that the reason for delay, the most important factor, *see United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004), did not favor Ms. Sizemore.

The district court concluded that Ms. Sizemore's explanations for the delay did not show excusable neglect. She should have realized shortly after the motion was filed that its supporting documents were voluminous and that she would require extra time in which to respond. She did not make any effort to contact opposing counsel to find out whether a motion to extend the time would be opposed until April 9, 2005, when the deadline was already fast approaching.

Ms. Sizemore argues, however, that the error was not the result of bad faith or a calculated desire to disrupt the judicial process. Rather, it was a simple error by her counsel. Since only a brief delay occurred, which presented only minimal prejudice to the defendants, and since, she argues, the district court incorrectly calculated that the response was due on April 11th and not April 14th, Ms. Sizemore urges that its refusal to permit the late filing constituted an abuse of discretion.

As we have already noted, Ms. Sizemore has not preserved any appellate challenge to the district court's conclusion that the response was due on April 11th. Ms. Sizemore ignored altogether the magistrate judge's order amending the deadline, to which she had never objected. She then came up with her own

calculation of the deadline, and still failed to submit her motion for extension of time in accordance with that deadline.  "[I]t is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b)."  *Quigley*, 427 F.3d at 1238.  We conclude that the district court did not abuse its discretion in denying the motion for extension of time.

### 3.  District court's grant of summary judgment

In granting summary judgment for the defendants, the district court relied on a local rule by which a party failing to timely respond to a motion is deemed to have consented to the granting of the motion.  *See* D.N.M.LR-Civ. 7.1(b).  We have stated, however, that "a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party.  The district court must make the additional determination that judgment for the moving party is 'appropriate' under Rule 56."  *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).  Alternatively, a district court may "appl[y] . . . local rules to grant an uncontested summary judgment motion as a sanction, requiring application of the sanction analysis specified in *Meade v. Grubbs*, 841 F.2d 1512 (10th Cir. 1988)."  *Id.* at 1193.

The district court did not grant summary judgment as a sanction; instead, it made the additional determination we have required, that judgment for the defendants was appropriate under Rule 56 standards.  Ms. Sizemore attacks this

grant of summary judgment on two grounds. She contends that even if her response materials were excluded as untimely, defendants failed to demonstrate their entitlement to summary judgment on her discrimination claims. Second, she argues the district court's order constituted a *de facto* sanction, requiring application of the sanction analysis specified in *Meade*.

### a. Defendants' entitlement to summary judgment

"Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Reed*, 312 F.3d at 1195. We review the district court's grant of summary judgment de novo, applying the same standard used by the district court. *Panis*, 60 F.3d at 1489-90. Ms. Sizemore cites only a single fact in the defendants' summary judgment submission that she contends should have precluded the district court from entering summary judgment for the defendants. This alleged fact, however, falls short of demonstrating a genuine issue of material fact that would require this case to go to trial.

Ms. Sizemore's employment was terminated for several reasons. One of the reasons given was that she had failed to supervise a subordinate, who allegedly abused the DOL's leave policy on numerous occasions. Defendants presented evidence that Ms. Sizemore was informed of other employees' suspicions about her subordinate's abuses, but took little or no action to curtail them. Ms. Sizemore argues, however, that she was treated differently than her

male supervisor, because he was not similarly terminated merely for failing to supervise *her*. Ms. Sizemore does not show that she was similarly situated to her supervisor. There appear to be numerous differences in their conduct, including the seriousness of Ms. Sizemore's violations of the leave policy as compared to those of her subordinate, and the presence of numerous other policy violations on which defendants relied in terminating her employment. She has not, therefore, demonstrated a genuine issue of material fact that would preclude summary judgment.

### b. *De facto* sanction

Turning to her other argument, Ms. Sizemore contends that since her late-filed summary judgment response and accompanying evidentiary materials were excluded from consideration, the district court's summary judgment order operated as a *de facto* sanction, but lacked the appropriate sanction findings. She contends that under the burden-shifting scheme in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), she had the burden of rebutting the employer's explanation of the reason she was fired, but that she could not do so unless her evidence was considered. Hence, the practical effect of excluding late-filed evidence essential to her case was an automatic "sanction" of summary judgment in favor of the employer, which undercut the district court's purported grant of summary judgment on the merits.

The flaw in Ms. Sizemore's argument arises from her improper conflation of evidentiary decisions taken by the district court with its merits analysis. The district court refused to grant an extension of time for her to file her summary judgment response and struck her untimely response. These evidentiary decisions lay within the district court's discretion, and did not, by themselves, implicate a sanction analysis, even though the omitted evidence may have been essential to Ms. Sizemore's case. *See Reed*, 312 F.3d at 1193 n.1 (analyzing separately district court's refusal to grant continuance to file summary judgment response for abuse of discretion, notwithstanding district court's simultaneous grant of summary judgment due to plaintiff's failure to respond, which operated as a sanction). *Cf. Essence, Inc. v. City of Federal Heights*, 285 F.3d 1272, 1288 (10th Cir. 2002) (stating district court's refusal to extend time for filing evidence due to excusable neglect is evidentiary decision, reviewed for abuse of discretion, even where such evidence is essential to party's case).

In its merits analysis, the district court granted summary judgment based on the materials it had before it. This action could have been considered a sanction, implicating the *Meade* factors, only if the district court had failed to make the further specific findings required by Fed.R. Civ. P. 56(c) to justify its action on the merits. *See Reed*, 312 F.3d at 1193. As we have seen, however, the district court performed its duties under Rule 56(c) and achieved a result that we have affirmed on de novo review.

The judgment of the district court is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge