**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 4, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JIMMY THOMAS DOWLING, III,

    Defendant - Appellant.

No. 05-5210 and 06-5050
(D.C. No. 05-CR-68-CVE)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **EBEL**, and **HOLMES**, Circuit Judges.

This is a combined appeal. In No. 05-5210, Defendant-Appellant Jimmy Thomas Dowling, III seeks to appeal from the district court's judgment and sentence entered on his plea of guilty to conspiracy (count 1), 18 U.S.C. § 371, and possession of stolen mail (count 9), 18 U.S.C. § 1708. Mr. Dowling was sentenced to 60 months imprisonment on each count, to run consecutively, and concurrent three-year terms of supervised release. Mr. Dowling filed a notice of appeal from the October 3, 2005, judgment on November 14, 2005, twenty-seven

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1

days after the initial ten-day filing deadline expired. See Fed. R. App. P. 4(b)(1)(A)(I); Fed. R. App. P. 26(a)(2). Because the late notice of appeal was within the thirty-day extension period provided by Fed. R. App. P. 4(b)(4), we partially remanded the case to determine whether the late filing was based on excusable neglect or good cause. The district court held that it was not. In No. 06-5050, Mr. Dowling appeals from the district court's opinion and order so holding and denying his motion for an extension of time to file an appeal nunc pro tunc. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm the district court's partial remand order and dismiss the underlying appeal.

Background

After two evidentiary hearings and supplemental briefing, the district court made, inter alia, the following findings of fact on partial remand:

(1) Mr. Dowling's Petition to Enter a Plea of Guilty clearly stated that any notice of appeal had to be filed "no more than 10 days from date of sentence." Aplt. Br., attach. 2 (Doc 175) at 3.

(2) At Mr. Dowling's sentencing, the district court expressly advised Mr. Dowling that "any appeal that you might want to file of this sentence must be filed within ten days," and that there were forms in the clerk's office to appeal in forma pauperis. Id.

(3) Mr. Dowling stated in open court that he understood the district court's

instructions.  Id.

(4) Mr. Jeff McGrew (Mr. Dowling's trial counsel) met with Mr. Dowling on October 6, 2005, three days after judgment was entered.  During this meeting, Mr. Dowling did not ask Mr. McGrew to file a notice of appeal.  Id.

(5) Mr. McGrew did not incorrectly advise Mr. Dowling of the ten day deadline to file a notice of appeal.  Id. at 4.

(6) Mr. McGrew would have filed a notice of appeal within the ten day deadline if Mr. Dowling had so instructed him.  Id.

(7) Mr. Dowling made no effort to file a notice of appeal himself until after he arrived at the Federal Transfer Center in Oklahoma City.  Id.

## Discussion

Under Fed. R. App. P. 4(b)(1)(A), a criminal defendant must file a notice of appeal "within 10 days after . . .; the entry of either the judgment or the order being appealed."[1]  However, "upon a finding of excusable neglect or good cause, the district court may . . . extend the time to file a notice of appeal for a period not to exceed 30 days . . . ."  Fed. R. App. P. 4(b)(4).  The grant of an extension

---

[1] We recently reaffirmed that filing a civil notice of appeal within the time limits set by the rules is mandatory and jurisdictional. Alva v. Teen Help, – F.3d –, No. 04-4012, 2006 WL 3378433, at *5 (10th Cir. Nov. 22, 2006).  Although we did not decide the issue in Alva, we strongly suggested that the same rule applies in criminal appeals. See id. n.13.  We have no reason to doubt that conclusion in this case. See United States v. Mitchell, 464 F.3d 1149, 1150 (10th Cir. 2006).

- 3 -

is permissive, not mandatory, so we review the district court's refusal to extend the time for filing for abuse of discretion. United States v. Vogl, 374 F.3d 976, 981 (10th Cir. 2004).

In making its determination of whether there is excusable neglect, the district court must take "account of all relevant circumstances surrounding the party's [failure to file a timely notice]." Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 395 (1993); see also United States v. Torres, 372 F.3d 1159, 1162 (10th Cir. 2004). These relevant circumstances can be neatly grouped into four factors: (1) "the danger of prejudice to the [government], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." Torres, 372 F.3d at 1162. Among these factors, the excuse given for the delay "must have the greatest import." id. at 1163 (citing Graphic Commc'n Int'l Union v. Quebecor Printing Providence, Inc., 270 F.3d 1, 5 (1st Cir. 2001)).

On appeal of the partial remand order, Mr. Dowling argues that he demonstrated excusable neglect because he showed that he was uncertain about how to switch lawyers for his appeal. He asserts that the parties contemplated appellate review and that the government would not be prejudiced should his merits appeal proceed. Because the excuses given by Mr. Dowling are insufficient, we find that the district court did not abuse its discretion in refusing

to extend the time for filing a notice of appeal.

In the district court, Mr. Dowling offered three reasons for his delay in filing: (1) Mr. McGrew's failure to offer to file a notice of appeal, (2) Mr. Dowling's ignorance of the filing procedure, and (3) Mr. Dowling's lack of legal resources once he was in custody. With respect to the first reason, Mr. McGrew was willing and able to file a notice of appeal, however, Mr. Dowling never asked him to. Because a finding of excusable neglect "is at bottom an equitable one," Pioneer, 507 U.S. at 395, we think Mr. Dowling's failure to ask Mr. McGrew to file a notice of appeal is significant; especially because Mr. Dowling was informed, by the court, of the need to file an appeal within the ten day deadline. Furthermore, Mr. McGrew's failure to offer to file a notice of appeal cannot constitute excusable neglect or good cause, because Mr. Dowling admits that he wanted a different lawyer to file his appeal. See Aplt. Br. at 6.

Second, Mr. Dowling's ignorance of the filing procedure, or of the procedure for obtaining replacement counsel, is not excusable neglect. See Mitchell, 464 F.3d at 1151 ("Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect.") (internal quotations omitted). Nor does Mr. Dowling's ignorance constitute good cause, because it was well within Mr. Dowling's power to file a timely notice of appeal. Knowing the importance of the ten day deadline, Mr. Dowling could have asked Mr. McGrew to file a notice of appeal when he met with him on October 6, 2005.

Failing to do so, Mr. Dowling could have filed a notice of appeal pro se.

Finally, Mr. Dowling's argument that he could not access legal resources while in custody is not persuasive. Mr. McGrew, as Mr. Dowling's attorney, was the best legal resource Mr. Dowling could have accessed. Instead, Mr. Dowling chose not to take advantage of the meeting with Mr. McGrew on October 6. The fact that Mr. Dowling may have wanted another attorney to prosecute his appeal is irrelevant; he could have asked Mr. McGrew to file the notice of appeal and then obtained replacement counsel.

The government conceded that it would not be prejudiced by a late filing and that the time of delay was not significant. Aplee. Br. at 18. It did, however, argue that Mr. Dowling's delay was not in good faith, given the scrupulous advice Mr. Dowling was given by the trial court. However, given the importance placed on the excuse for the delay, we consider the element determinative in this case. See Torres, 372 F.3d at 1163. Suffice it to say, the reasons advanced for the delay simply cannot constitute excusable neglect or good cause. Because Mr. Dowling failed to file a timely notice of appeal, and the district court did not abuse its discretion in refusing to find excusable neglect or good cause, we lack jurisdiction to hear the merits of Mr. Dowling's appeal.

The order in No. 06-5050 is AFFIRMED, and the merits appeal (No. 05-5210) is DISMISSED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge