FILED
United States Court of Appeals
Tenth Circuit

March 23, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PEDRO CORTEZ-PEREZ,

Defendant-Appellant.

No. 07-2271

(D. N.M.)

(D.C. No. 1:05-CR-02458-JEC)

---

ORDER AND JUDGMENT[*]

---

Before **HENRY**, Chief Judge, **TYMKOVICH**, Circuit Judge, **and LEONARD,**[**] District Judge.

---

Defendant-Appellant Pedro Cortez-Perez appeals the district court's denial of his motions to permit the filing of his notice of appeal out of time. Because the district court did not abuse its discretion in denying Mr. Cortez-Perez an extension of time to file his notice of appeal, we affirm.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] The Honorable Tim Leonard, United States District Judge for the Western District of Oklahoma, sitting by designation.

# I. BACKGROUND

Pursuant to a plea agreement, Mr. Cortez-Perez pled guilty to one count of conspiracy involving the distribution of heroin. At sentencing, the district court denied Mr. Cortez-Perez's motion for a downward adjustment based on his role in the offense as well as his request for a deviation from the sentencing guidelines. The district court's judgment of conviction reflecting a sentence of 87 months was entered on February 16, 2007.

Mr. Cortez-Perez filed his notice of appeal (case number 07-2065) on March 6, 2007, one day past the expiration of the ten-day period for filing criminal appeals set forth in Federal Rule of Appellate Procedure 4(b)(1)(A)(i). Although the notice of appeal was filed one day past the initial ten-day filing deadline, it was filed within the thirty-day permissible extension period authorized by Fed. R. App. P. 4(b)(4) upon a finding of excusable neglect or good cause. We partially remanded the matter to the district court on June 6, 2007, "to permit Defendant Cortez-Perez, upon proper motion, an opportunity to demonstrate that his failure to comply with the filing requirements of Rule 4(b)(1)(A)(i) was based on excusable neglect or good cause."

On August 8, 2007, Mr. Cortez-Perez filed a two-page motion for extension of time to file a notice of appeal, offering the following reasons for the delay: (1) Mr. Cortez-Perez does not speak English; (2) his desire to appeal was not communicated to his attorney until March 6, 2007; (3) his desire to appeal was not

communicated earlier than March 6, 2007 "because the secretary was out of the office" the week before; and (4) his counsel attended court in ten other cases. On September 5, 2007, the district court denied the motion because the reasons given by Mr. Cortez-Perez for the late filing of his notice of appeal failed to demonstrate good cause or excusable neglect as required by Fed. R. App. P. 4(b)(4). As a result of the denial of an extension, Mr. Cortez-Perez's appeal in case number 07-2065 was dismissed as untimely on September 14, 2007.

On the same date his appeal in case number 07-2065 was dismissed, Mr. Cortez-Perez filed a motion in the district court seeking reconsideration of the previous denial of an extension of time to file his notice of appeal. On November 28, 2007, the motion for reconsideration was denied on the grounds that Mr. Cortez-Perez failed to show that the court had misapprehended the law or the facts with respect to its first denial of an extension, and also failed to present any newly discovered evidence to support a finding of excusable neglect or good cause for the late filing of his notice of appeal.

This appeal followed.

## II. DISCUSSION

We review a district court's order refusing to extend the time for filing a notice of appeal for abuse of discretion. *Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004). Under this standard, a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the

3

lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances. *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1331 (10th Cir. 1996).

A criminal defendant has 10 days from entry of the judgment to file a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i). However, upon a finding of good cause or excusable neglect, the district court may extend the time to file a notice of appeal for a period not to exceed 30 days from the initial 10-day deadline. Fed. R. App. P. 4(b)(4). Mr. Cortez-Perez has the burden of establishing either good cause or excusable neglect. *See United States v. Lucas*, 597 F.2d 243, 245 (10th Cir. 1979).

Good cause "comes into play in situations in which there is no fault – excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." *Bishop*, 371 F.3d at 1207 (citation omitted). Mr. Cortez-Perez claims that the absence of counsel's secretary from the office and counsel's court appearances in other matters were matters beyond his attorney's control. Mr. Cortez-Perez's motions provide little explanatory information concerning the secretary's absence from the office or counsel's appearance in court on other matters. Other than the bare statement that these events occurred and required an expenditure of time by counsel, the motions fail to provide a basis for the district court to find that these events were beyond the attorney's control. Based upon the cursory information

4

provided by Mr. Cortez-Perez's motions, we cannot conclude that the district court made a clear error in judgment in denying Mr. Cortez-Perez's motion for an extension and motion for reconsideration. The district court did not abuse its discretion in finding that Mr. Cortez-Perez's reasons for filing a late notice of appeal do not constitute good cause.

To determine whether excusable neglect exists, the court must examine (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on the proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004). These factors are not to be given equal weight; the third factor, fault in the delay, is "perhaps the most important single factor in determining whether neglect is excusable." *Id.* at 1163 (citations omitted).

The district court identified and applied these factors, noting that three of the four weighed in favor of finding excusable neglect. Specifically, the district court found that the one-day delay would not prejudice the government, the length of the delay would not affect the proceedings, and there was no evidence that Mr. Cortez-Perez acted in bad faith. In examining the remaining factor, described in *Torres* as "perhaps the most important single factor" in determining whether neglect is excusable, the district court concluded that none of the reasons given by Mr. Cortez-Perez for the delay in filing the notice of appeal established excusable

5

neglect. The district court correctly applied the standards for determining whether excusable neglect had been established and did not abuse its discretion in denying Mr. Cortez-Perez's motions to permit the filing of his notice of appeal out of time. The belated claim that the district court should have held a hearing on the motions does not relieve Mr. Cortez-Perez of his burden of proof to demonstrate good cause or excusable neglect, and is further weakened by his failure to request a hearing.

We do not find an abuse of discretion in the district court's conclusion that Mr. Cortez-Perez failed to demonstrate that his failure to comply with the filing requirements of Rule 4(b)(1)(A)(i) was based on good cause or excusable neglect.

## III.  CONCLUSION

We therefore AFFIRM the judgment of the district court.

Entered for the Court,

Tim Leonard
District Judge