**UNPUSBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――

**No. 11-1534**

―――――――

CAROL DALENKO,

            Plaintiff – Appellant,

      v.

NEWS AND OBSERVER PUBLISHING COMPANY, d/b/a The News and
Observer,

            Defendant – Appellee,

      and

ORAGE QUARLES, III, President & Publisher, by and through:;
H. HUGH STEVENS, JR., d/b/a Everett, Gaskins, Hancock &
Stevens, LLP,

            Defendants.

―――――――

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Malcolm J. Howard,
Senior District Judge. (5:10-cv-00184-H)

―――――――

Submitted: August 22, 2011      Decided: September 27, 2011

―――――――

Before DUNCAN, KEENAN, and DIAZ, Circuit Judges.

―――――――

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

―――――――

Carol Dalenko, Appellant Pro Se.  C. Amanda Martin, STEVENS MARTIN VAUGHN & TADYCH, PLLC, Raleigh, North Carolina, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carol Dalenko appeals the district court's order and judgment and the order denying her motion to extend the appeal period. We grant the Appellee's motion to dismiss the appeal in part, dismiss the appeal from the March 15, 2011 order and judgment for lack of jurisdiction because the notice of appeal was not timely filed as to that order and affirm the district court's order denying Dalenko's motion to extend the appeal period.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order and judgment were entered on the docket on March 15, 2011. The notice of appeal was filed on May 17, 2011. Because Dalenko failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we grant the Appellee's motion to dismiss the appeal in part and dismiss the appeal from that order.

We note that Dalenko's motion to extend the appeal period filed within the thirty-day appeal period cannot be

3

construed as a notice of appeal because Dalenko did not express a present intent to appeal the district court's order and final judgment. Rather, she indicated she needed an extension of time in order to consider her options. See Isert v. Ford Motor Co., 461 F.3d 756, 761-63 (6th Cir. 2006) (holding that motion for extension of time to file an appeal was not the functional equivalent of a notice of appeal where the motion did not designate which of several appealable orders was being appealed and did not convey an intent to appeal); Hindes v. FDIC, 137 F.3d 148, 156 (3d Cir. 1998) ("[I]f a litigant files a document, regardless of its title, within the time for appeal under [Rule] 4, it is effective as a notice of appeal provided that it gives sufficient notice of the party's intent to appeal.").

We review the district court's order denying the motion to extend the appeal period for abuse of discretion. United States v. Breit, 754 F.2d 526, 529 (4th Cir. 1985). The court may extend the filing time if "a party so moves no later than 30 days after the time prescribed by . . . Rule 4(a) expires" and the party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(i)-(ii). "Excusable neglect" exists when a late filing is due to "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 388 (1993); see Thompson v. E.I.

4

DuPont de Nemours & Co., 76 F.3d 530, 533-34 (4th Cir. 1996) (finding "excusable neglect" definition in Pioneer applies to Rule 4). "Good cause" contemplates circumstances where fault is not an issue, and the need for an extension is caused by something beyond the appellant's control. United States v. Torres, 372 F.3d 1159, 1161 n.1 (10th Cir. 2004).

Because Dalenko was seeking to extend the appeal period for the purpose of considering her options, we conclude that the district court did not abuse its discretion denying the motion to extend the appeal period. Dalenko did not show either good cause or excusable neglect.

Accordingly, we grant in part the Appellee's motion to dismiss and dismiss the appeal from the March 15, 2011 order and judgment and we affirm the appeal from the order denying Dalenko's motion to extend the appeal period. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

5