**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 4, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

TROY D. BENTON,

      Defendant - Appellant.

No. 15-3058 & 15-3175
(D.C. No. 6:13-CR-10138-EFM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

Troy D. Benton pled guilty to a drug offense and was sentenced to 72 months under a binding plea agreement and Federal Rule of Criminal Procedure 11(c)(1)(C). He subsequently moved to modify his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the U.S. Sentencing Guidelines. The district court denied the motion on February 23, 2015.

Mr. Benton filed his notice of appeal of this ruling on March 19, 2015. The Government moved to dismiss the appeal—appeal number 15-3058—as untimely

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

because it fell outside the 14-day deadline of Federal Rule of Appellate Procedure 4(b)(1)(A)(i). This court denied the motion and partially remanded the case to the district court "to permit the defendant, upon proper motion, an opportunity to demonstrate that his failure to comply with the filing requirements of Rule 4(b)(1)(A)(i) was based on excusable neglect or good cause."

Back in the district court, Mr. Benton moved for an extension of time to file his notice of appeal. On July 6, 2015, the court denied the motion, finding he had not shown good cause or excusable neglect for his failure to file a timely notice of appeal. On July 20, Mr. Benton filed his notice of appeal of the July 6 order. This is appeal number 15-3175. We consolidated the two appeals.

The threshold issue is whether Mr. Benton's first appeal—15-3058—is timely. The answer turns on our disposition of the second appeal—15-3175. We review a district court's denial of an extension of time to file a notice of appeal for abuse of discretion. *United States v. Torres*, 372 F.3d 1159, 1161 (10th Cir. 2004).

In his brief, Mr. Benton fails to address the district court's denial of his motion for an extension of time to file his notice of appeal. He therefore has waived any argument the district court abused its discretion. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived."). When, as Mr. Benton does here, a party appears pro se, we construe his

- 2 -

arguments liberally, but we cannot make his arguments for him. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). [1]

Exercising our jurisdiction under 28 U.S.C. § 1291 in appeal 15-3175, we affirm the district court's ruling that Mr. Benton has not shown good cause or excusable neglect for the late filing of his appeal in 15-3058. Exercising our jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and based on our affirmance in 15-3175, we dismiss, as untimely under Federal Rule of Appellate Procedure 4(b)(1)(A)(i), appeal number 15-3058.

ENTERED FOR THE COURT,

Scott M. Matheson, Jr.
Circuit Judge

---

[1] By minute order of October 7, 2015, Mr. Benton's reply brief was due on October 23, 2015. On October 30, 2015, the Clerk's Office received Mr. Benton's "Petitioner's Motion in Opposition of Governments Response." The Certificate of Service states that it was mailed, "postage-prepaid," through the "Inmate Mailing System" on October 22, 2015. As in his opening brief, and despite the Government's brief having called this matter to Mr. Benton's attention, Aplee. Br. at 7, 21-23, Mr. Benton fails again to address the district court's denial of his motion for an extension of time to file his notice of appeal.