**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 23, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DESIRAY ALLEN,

    Defendant - Appellant.

No. 21-6067
(D.C. No. 5:04-CR-00032-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Desiray Allen appeals the district court's order denying his request to appeal

out of time an underlying judgment in which the district court revoked Allen's

supervised release and sentenced him to ten months in prison plus 12 months of

supervised release. Defense counsel filed an *Anders* brief and moved to withdraw as

counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967) (stating that if after

"conscientious examination" of record, counsel finds appeal "wholly frivolous," then

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

counsel may move to withdraw and contemporaneously file "brief referring to anything in the record that might arguably support the appeal"). Despite obtaining an extension of time to respond to the *Anders* brief, Allen did not file a pro se response. *See id.* (noting that *Anders* brief should be sent to defendant "and time allowed him to raise any points that he chooses"). The government declined to file a brief. We have reviewed the *Anders* brief and conducted a full examination of the record to determine whether Allen's appeal is wholly frivolous. *See United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). Because we find that it is, we dismiss the appeal and grant defense counsel's motion to withdraw. *See Anders*, 386 U.S. at 744.

As an initial matter, we note that although Allen recently informed us that he has been released from prison, his appeal is not moot. Because Allen has not yet finished serving his 12-month term of supervised release, there remains a possibility that—were he to succeed in both this appeal and a subsequent out-of-time appeal from the revocation of his supervised release and the resulting sentence—Allen could receive a reduced term of supervised release. *See United States v. Salazar*, 987 F.3d 1248, 1251–53 (10th Cir. 2021) (holding sentencing appeal not moot despite release from prison because defendant had "not yet served his term of supervised release[,] [a]nd a favorable appellate decision could potentially reduce that term of supervised release").

We now turn to Allen's request to file an out-of-time notice of appeal. At a March 29, 2021 hearing, the district court found that Allen had violated the terms of his supervised release, revoked the supervised release, sentenced Allen to ten months

in prison plus 12 additional months of supervised release, and informed Allen of his appeal rights. *See* 18 U.S.C. § 3583(e)(3), (h) (providing that after finding defendant violated terms of supervised release, district court may revoke it "and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release" and may also "include a requirement that the defendant be placed on a term of supervised release after imprisonment"). The district court entered judgment the next day, March 30. The day after that, Allen's counsel sent Allen a letter advising him that the deadline to appeal—14 days from the entry of judgment—was April 13. *See* Fed. R. App. P. 4(b)(1)(A)(i) (providing that criminal defendant must file notice of appeal within 14 days of entry of judgment).

Several days after that deadline, on April 19, Allen contacted his counsel and said he wanted to appeal. Allen's counsel then moved to extend the time to file a notice of appeal, which the district court may do if it finds "excusable neglect or good cause." Fed. R. App. P. 4(b)(4). The district court denied the motion because it found neither excusable neglect nor good cause for Allen's delay in filing a notice of appeal.

Reviewing that decision, we see no nonfrivolous argument that the district court abused its discretion. *See Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004) (noting abuse-of-discretion review of order refusing to extend time for filing notice of appeal). As the district court correctly recognized, excusable neglect turns on "all relevant circumstances," including "[1] the danger of prejudice to the

3

[nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (alterations in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 395 (1993)). "[P]erhaps the most important single factor" is the reason for the delay. *Id.* at 1163 (quoting *City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)).

The district court concluded that three of the factors weighed in Allen's favor: there was little danger of prejudice to the government, the length of the delay was short and would not impact judicial proceedings, and there was no evidence Allen acted in bad faith. But critically, it found that Allen provided no reason for the delay. On this point, the district court noted that even assuming Allen never received counsel's March 31 letter, the district court itself had informed Allen of his appellate rights and the 14-day deadline. And the only other reason Allen offered for the delay was his counsel's unawareness of Allen's phone privileges. But unawareness of phone privileges does not demonstrate that Allen lacked phone privileges or that Allen was entirely unable to communicate with his counsel until after the appeal deadline had passed. And because the reason for the delay is the most important factor in the analysis, the district court weighed this factor more heavily than the others and concluded that Allen failed to show excusable neglect. *See Torres*, 372 F.3d at 1162–64 (finding no excusable neglect where three lesser factors weighed in

4

defendant's favor but reason for delay did not). We see no basis in the record or the governing law to challenge any part of the district court's assessment of excusable neglect.

The district court also found no good cause to justify extending the time to appeal, correctly noting that unlike excusable neglect, good cause traditionally requires circumstances outside the defendant's control. *See id.* at 1161 n.1; *Bishop*, 371 F.3d at 1207. And the district court found that Allen failed to demonstrate any circumstances outside his control that prohibited him from filing a timely notice of appeal. We likewise see no such circumstances in the record and therefore see no nonfrivolous argument for disturbing the district court's good-cause analysis.

Because our examination of the record reveals no nonfrivolous basis for appeal, we dismiss the appeal and grant defense counsel's motion to withdraw. *See Calderon*, 428 F.3d at 930.

Entered for the Court

Nancy L. Moritz
Circuit Judge