**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 22, 2006**

**FOR THE TENTH CIRCUIT**

JAMES E. JUSTICE, II,

      Plaintiff-Appellant,

  v.

GENE WALLACE, Muskogee County
Commissioner; CHARLES PEARSON,
Muskogee County Sheriff's
Department,

      Defendants-Appellees.

No. 05-7132
(D.C. No. CIV-05-208-S)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HENRY, BRISCOE,** and **MURPHY**, Circuit Judges.

James E. Justice, II, filed this civil rights complaint pursuant to 42 U.S.C.

§ 1983, charging that the defendants had violated his First, Fourth, and Eighth

Amendment rights while he was incarcerated at the Muskogee County Jail. He

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

named two defendants: Muskogee County Commissioner Gene Wallace, and Muskogee County Sheriff Charles Pearson. He appeals from the district court's orders granting Commissioner Wallace's motion to dismiss his complaint, and Sheriff Pearson's motion for summary judgment. We agree with the district court that Mr. Justice came forward with only conclusory allegations to support his claims against Commissioner Wallace, and failed to show personal participation by Sheriff Pearson in the alleged constitutional violations. He also failed to present any evidence of improper training or unconstitutional policy or custom by Sheriff Pearson resulting in the alleged violations. We therefore affirm the judgment of the district court dismissing Commissioner Wallace and granting summary judgment to Sheriff Pearson.

**1. Mr. Justice's complaint**

In his complaint, Mr. Justice asserted constitutional violations as follows:

Violations of numer[o]us Civil Rights 1st Amendment, 4th Amendment, 8th Amendment/cruel [and] unusual punishment, excessive use of force, number of inmates in cell (17) inmates, violations of jail policies by federal and state law, lack of medical care[.]

R., doc. 1, at 2.

He explained, more specifically, that his First Amendment rights were violated when officials at the Muskogee County Jail interfered with a church meeting that he was holding in a detox unit at 1:30 a.m., by placing him in lockdown and by denying him a Bible. The officials allegedly told him that "this

-2-

[is] not [a] church." *Id.* His Fourth Amendment claim arose when he was strip-searched at the jail and allegedly left naked for seven hours "without cause." *Id.* Mr. Justice also alleged that he subjected to warrantless arrest without probable cause. He did not identify any specific facts in his complaint to support his allegation of an Eighth Amendment violation. *See id.* Also, the complaint did not contain any specific allegations against either of the defendants tying them to the alleged constitutional violations.

### 2. Commissioner Wallace's motion to dismiss

Commissioner Wallace filed a motion to dismiss Mr. Justice's complaint, in which he noted that it presented no allegations against him in either his individual or official capacities. He argued that he could not be held liable for the acts in question in his official capacity, because he had no policymaking authority at the jail. He could not be held liable in his individual capacity, because no allegations had been made that he personally participated in the alleged violations.

After Mr. Justice failed to timely respond to the motion to dismiss, the district court ordered him to show cause why Commissioner Wallace's motion should not be granted. Mr. Justice filed a response to the order to show cause, in which he asserted that Commissioner Wallace should be held liable for his injuries, because county commissioners have financial responsibility for the operation of county jails, the provision of health care to inmates, and the purchase of insurance for payment of negligence claims. Mr. Justice also filed a motion to

-3-

amend his complaint, which the district court granted. He failed, however, to file an amended complaint.

The district court dismissed Mr. Justice's claims against Commissioner Wallace pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim, concluding that Mr. Justice had come forward with only conclusory allegations to support his claims against Commissioner Wallace. We review such a dismissal de novo, applying the same standards as the district court. *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). "That is, all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Id.* (quotation omitted). To survive a motion to dismiss, however, "plaintiffs must allege sufficient facts to support their § 1983 claims. Bare conclusions, even read in the light most favorable to plaintiff, may prove insufficient." *Smith v. Plati*, 258 F.3d 1167, 1176 (10th Cir. 2001). Having reviewed the briefs, the record, and the applicable law, we affirm the district court's order dismissal of Commissioner Wallace, for substantially the reasons stated in its order of August 25, 2005.

### 3. Sheriff Pearson's motion for summary judgment

Sheriff Pearson and Mr. Justice filed cross-motions for summary judgment. The district court granted Sheriff Pearson's motion, and denied Mr. Justice's motion as moot. *See* R., doc. 61, at 9. In his motion for summary judgment, Sheriff Pearson argued that he could not be held liable for the acts identified in

Mr. Justice's complaint in either his individual or official capacities. He could not be held liable in his individual capacity because he had not personally participated in any of the alleged constitutional violations. He could not be held liable in his official capacity because the harms alleged were not the result of any alleged policy or custom of Sheriff Pearson at the county jail.

Sheriff Pearson presented evidence to support his assertions. This evidence showed that Mr. Justice was arrested by the Muskogee City Police Department, not the Sheriff's Department; that Sheriff Pearson was not at the jail at the time of the alleged constitutional violations; that Mr. Justice had no factual basis to allege that a policy or custom of Sheriff Pearson violated his constitutional rights; and that Mr. Justice had sued Sheriff Pearson solely because he is the supervisor of the jail.

"We review the district court's grant of summary judgment de novo, applying the same legal standard that should have been used by the district court." *Rivera v. City & County of Denver*, 365 F.3d 912, 920 (10th Cir. 2004) (quotation and alteration omitted). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Having reviewed the briefs, the record, and the applicable law, we affirm

the district court's order granting summary judgment to Sheriff Pearson for substantially the reasons stated in its order of November 17, 2005.

### 4. Hearing on summary judgment motion

Finally, Mr. Justice contends that he should have received a hearing before the district court granted summary judgment against him.  A formal evidentiary hearing with oral argument is not necessarily required before a district court enters summary judgment.  *Geear v. Boulder Comty. Hosp.*, 844 F.2d 764, 766 (10th Cir. 1988).  "Rather, the parties' right to be heard may be fulfilled by the court's review of the briefs and supporting affidavits and materials submitted to the court." *Id.*  There is no indication in this case that the issues and evidence presented could not have been adequately addressed by review of the briefs and accompanying materials.

The judgment of the district court is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge