IN RE WANDA M. PADILLA, Chapter 7, Debtor.
WANDA M. PADILLA, Appellant,
v.
KEYBANK, N.A., Appellee.
BAP No. CO-08-044, Bankr. No. 06-12918-SBB.
United States Bankruptcy Appellate Panel of Tenth Circuit.
October 14, 2008.
Before McFEELEY, Chief Judge, CORNISH, and KARLIN, Bankruptcy Judges.[1]

OPINION[*]
CORNISH, Bankruptcy Judge.
Debtor Wanda M. Padilla ("Padilla") appeals the bankruptcy court's order granting creditor KeyBank, N.A.'s ("KeyBank") motion for relief from automatic stay to allow it to foreclose on Padilla's real property. Having reviewed the record and applicable law, we affirm the bankruptcy court.

I. BACKGROUND
In April 2002, Hispanic Print Media, LLC ("Hispanic Print Media") borrowed $270,000 from KeyBank, executing and delivering a promissory note in that amount. Padilla, the owner of Hispanic Print Media, guaranteed the debt to KeyBank. Padilla also executed and delivered a Deed of Trust for real property located at 1585 Osceola Street, Denver, Colorado (her home), to secure payment of the promissory note. Both Hispanic Print Media and Padilla defaulted, and KeyBank initiated a state court action to recover on the promissory note. In December 2005, the state court entered default judgment against both Padilla and Hispanic Print Media, and KeyBank began taking the necessary steps to foreclose on Padilla's real property.
Padilla filed for Chapter 13 bankruptcy protection on May 22, 2006. In October 2006, after KeyBank had objected to Padilla's proposed Chapter 13 plan, the parties (through counsel) entered into a stipulation regarding the outstanding debt. As part of the stipulation, KeyBank agreed to refrain from taking collection actions if Padilla or Hispanic Print Media paid the outstanding obligation in full on or before October 21, 2007. The stipulation further provided that in the event Padilla defaulted, KeyBank would be entitled, upon ex parte application to the court and without further notice to Padilla, to entry of relief from the automatic stay. The stipulation was subsequently approved by the bankruptcy court, and upon Padilla's later default, KeyBank obtained an order granting it relief from the stay.
Padilla's Chapter 13 case was later converted to a Chapter 7 case on February 11, 2008, and KeyBank found it necessary to obtain another order granting relief from stay to continue its foreclosure proceedings on Padilla's real property. Pursuant to 11 U.S.C. § 362(d), on March 21, 2008, KeyBank filed a Motion for Relief from Stay ("Motion for Stay Relief"), pertaining only to Padilla's real property, and secured a hearing date of April 22, 2008, at 9:00 a.m. Pursuant to Colorado Local Bankruptcy Rule 401(a)(3), Padilla's objection to KeyBank's Motion for Stay Relief was due April 15, 2008, five court days prior to the hearing date.[2] Having received no objection from Padilla, on the morning of April 21, 2008 (the day before the scheduled hearing), pursuant to Colorado Local Bankruptcy Rule 401(a)(4)(A), KeyBank filed a certificate of non-contested matter and request for entry of order. At approximately 4:28 that afternoon, Padilla, acting pro se, filed her response to the Motion for Stay Relief, together with a letter to the bankruptcy court and trustee asking that she be allowed to file it out of time. The letter stated that "the deadline was overlooked due to the overwhelming stress now present in my life."
The bankruptcy court scheduled a hearing for April 29, 2008, to determine whether Padilla's request to allow her late-filed response should be granted. At that hearing, Padilla was represented by counsel. The minutes of the proceeding indicate that counsel made argument with respect to the pending matters, that oral findings and conclusions were made of record, and that the bankruptcy court declined to consider Padilla's late-filed response. As a result, the bankruptcy court entered an order granting KeyBank's Motion for Stay Relief, dated April 29, 2008. Padilla now timely appeals the bankruptcy court's stay relief order.[3]

II. APPELLATE JURISDICTION
This Court has jurisdiction to hear timely-filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal.[4] Neither party elected to have this appeal heard by the United States District Court for the District of Colorado. The parties have therefore consented to appellate review by this Court.
A decision is considered final "if it `ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"[5] In this case, the bankruptcy court granted creditor's Motion for Stay Relief. An order lifting the automatic stay is a final order for purposes of review.[6]

III. STANDARD OF REVIEW
Relief from stay for cause is a discretionary determination made by the bankruptcy court on a case by case basis.[7] An appellate court reviews a lower court's decision regarding stay relief under an abuse of discretion standard.[8] Under the abuse of discretion standard, a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.[9]

IV. DISCUSSION
On appeal, Padilla argues that the bankruptcy court erred in granting KeyBank's Motion for Stay Relief without an evidentiary hearing.[10] We disagree. The Bankruptcy Code provides that a bankruptcy court may grant relief from the automatic stay on request of a party in interest, after notice and a hearing.[11] The Bankruptcy Code further provides that the phrase "after notice and a hearing" means "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances."[12] Thus, only an "opportunity for a hearing," and not an actual hearing is required.[13] Padilla was afforded the opportunity for a hearing, and only her own actionsher untimely response to KeyBank's Motion for Stay Reliefprevented the hearing from occurring.
Additionally, as we interpret Padilla's brief, she seeks a hearing to present evidence that is unrelated to the Motion for Stay Relief. Padilla argues that KeyBank acted in bad faith when it sold Hispanic Print Media, d/b/a LA VOZ Nueva Newspaper for a price far less than its value. Padilla also asserts that KeyBank sold assets that did not belong to Hispanic Print Media, but to Padilla, namely the logo and trademark of the LA VOZ Nueva Newspaper. We fail to see how this evidence is relevant to KeyBank's Motion for Stay Relief, which pertains only to Padilla's real property located at 1585 Osceola Street, Denver, Colorado.
Moreover, Padilla was in fact allowed a hearing on her request that the bankruptcy court accept her late-filed response. The minutes of the hearing indicate that the bankruptcy court made findings of fact and conclusions of law on the record. Padilla has not, however, provided this Court with a transcript of the hearing as a part of the record on appeal.[14] Padilla has the burden of providing this appellate court with an adequate record for review.[15] As a part of that record, Padilla is required to provide all transcripts, or portions of transcripts necessary for this Court's review.[16] Without the hearing transcript, we are unable to conduct a meaningful appellate review.

V. CONCLUSION
Therefore, the bankruptcy court did not abuse its discretion in lifting the automatic stay without an evidentiary hearing. Accordingly, its order granting KeyBank's Motion for Stay Relief is affirmed.
NOTES
[1] The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. Fed. R. Bankr. P. 8012. The case is therefore ordered submitted without oral argument.
[*] This unpublished opinion is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. 10th Cir. BAP L.R. 8018-6(a).
[2] Colorado Local Bankruptcy Rule 401(a)(3) requires that the order and notice of hearing on a motion for stay relief be served on all interested parties and that it specifically state that any response to the relief requested "must be filed at least five (5) court days prior to the hearing date and that, if no objection to the requested relief is timely filed, the relief requested in the motion may enter."
[3] Also pending before this Court is Padilla's Motion to File Reply Brief Out of Time for Just Cause, filed August 22, 2008, which is hereby granted.
[4] 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8002; 10th Cir. BAP L.R. 8001-1.
[5] Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 712 (1996) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)).
[6] In re Busch, 294 B.R. 137, 140 (10th Cir. BAP 2003) (citing Franklin Sav. Ass'n v. Office of Thrift Supervision, 31 F.3d 1020, 1022 n.3 (10th Cir. 1994)).
[7] Busch, 294 B.R. at 140 (citing Pursifull v. Eakin, 814 F.2d 1501, 1506 (10th Cir. 1987)).
[8] Franklin Sav. Ass'n, 31 F.3d at 1023 (citing Pursifull, 814 F.2d at 1504).
[9] Moothart v. Bell, 21 F.3d 1499, 1504 (10th Cir. 1994) (quoting McEwen v. City of Norman, 926 F.2d 1539, 1553-54 (10th Cir. 1991)).
[10] Padilla cites to no authority to support this allegation of error.
[11] 11 U.S.C. § 362(d).
[12] 11 U.S.C. § 102(1)(A).
[13] In re Minkes, 237 B.R. 476, 478 n.3 (8th Cir. BAP 1999) ("`After notice and a hearing' is a bankruptcy term of art which does not always require an actual hearing to occur, but does require appropriate notice and an appropriate opportunity for a hearing. See 11 U.S.C. § 102(1).").
[14] According to KeyBank, at the April 29, 2008, hearing, Padilla did not address her failure to timely respond to the Motion for Stay Relief. KeyBank also asserts the bankruptcy court heard Padilla's arguments regarding the sale of the assets of Hispanic Print Media and stated that such allegations had no bearing on the Motion for Stay Relief.
[15] Anstine v. Centex Home Equity Co., LLC (In re Pepper), 339 B.R. 756, 760-61 (10th Cir. BAP 2006).
[16] Fed. R. Bankr. P. 8009; 10th Cir. BAP L.R. 8009-1(b)(5).