FILED
United States Court of Appeals
Tenth Circuit

August 25, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

BIODIVERSITY CONSERVATION
ALLIANCE,

      Plaintiff-Appellant,

v.

BUREAU OF LAND MANAGEMENT,

      Defendant-Appellee,

v.

STATE OF WYOMING; BP AMERICA
PRODUCTION COMPANY; ENCANA
OIL & GAS (USA), INC.,

      Intervenors-Appellees.

No. 10-8064

(D.C. No. 1:09-CV-00008-ABJ)
(D. Wyo.)

BIODIVERSITY CONSERVATION
ALLIANCE,

      Plaintiff-Appellee,

v.

BUREAU OF LAND MANAGEMENT,

      Defendant,

v.

ENCANA OIL & GAS (USA), INC. and
BP AMERICAN PRODUCTION
COMPANY,

      Intervenors-Appellants,

and

STATE OF WYOMING,

Nos. 10-8098 & 10-8099

(D.C. No. 1:09-CV-00008-ABJ)

(D. Wyo.)

Intervenor.

---

## ORDER AND JUDGMENT[*]

---

Before **BRISCOE,** Chief Judge, **McKAY** and **MATHESON**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these appeals. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). These cases are, therefore, submitted without oral argument.

Biodiversity Conservation Alliance (BCA) filed a petition in the United States District Court for the District of Wyoming for review of the Interior Board of Land Appeals' (IBLA) decision, which affirmed the Bureau of Land Management's (BLM) record of decision (ROD) authorizing the Jonah Infill Drilling Project. The district court affirmed the IBLA's decision. Although BCA filed an untimely notice of appeal, the district court subsequently extended BCA's time to file its notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5) based on "excusable neglect." Because we conclude that the district court abused its discretion in finding excusable neglect, we

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2

reverse the district court's decision granting BCA an extension to file its notice of appeal and dismiss case number 10-8064 for lack of jurisdiction. We also dismiss case numbers 10-8098 and 10-8099 as moot.

I

In March of 2006, BLM issued a ROD authorizing the Jonah Infill Drilling Project. BCA appealed the BLM's ROD to the IBLA, and the IBLA affirmed. BCA then filed a petition in the district court for review of the IBLA's decision. BP America Production Company (BP), EnCana & Gas (USA), Inc. (EnCana), and the State of Wyoming (collectively, the intervenors) intervened in the district court proceedings in support of the ROD. The district court entered its order affirming the IBLA decision and its separate judgment on June 10, 2010. BCA filed its notice of appeal from the district court's decision on August 10, 2010 – sixty-one days after the entry of the district court's judgment.

On August 25, 2010, because BCA's notice of appeal was filed sixty-one days after the entry of the district court's judgment, this court issued an order giving BCA thirty days in which to show cause why the appeal should not be summarily dismissed for lack of jurisdiction. On September 8, 2010, BCA filed a motion in the district court to extend the time to file its notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5) for "excusable neglect."[1] In the motion, BCA's counsel claimed that

---

[1] In its motion, BCA also argued that Federal Rule of Appellate Procedure 26(c) warranted an "expansion of time." However, because the district court did not rely on this rule when granting the extension, and because BCA did not raise this argument

3

when she checked her America Online (AOL) electronic mail account on June 10, 2010, she had not received the district court's judgment. She further asserted that she did not receive the district court's judgment in her AOL electronic mail account until June 11, 2010. She explained that she consequently "calculated the time for filing a Notice of Appeal based on receipt of the Judgment on June 11, 2010." She asserted that "[i]t ha[d] since come to light that the Judgment was actually filed into the PACER[2] system on June 10, 2010," and she suggested that "th[e] discrepancy [might have] resulted from an internal server issue of the PACER system used to electronically deliver documents" or "some delay within the AOL system." BCA's counsel also explained that this "[wa]s the only case [she] ha[d] represented in Federal Court and she [wa]s unfamiliar with the rules and procedures and [wa]s even more unfamiliar with the intricacies of electronic filing and the PACER system."

The district court extended BCA's time to file its notice of appeal until August 10, 2010, pursuant to Federal Rule of Appellate Procedure 4(a)(5), finding "that an adequate showing of excusable neglect or good cause ha[d] been made by [BCA]." The district court reasoned that, "in view of the confusion that is apparent with the electronic filings concerning the date of entry of judgment in this matter, the Court finds the request for an

---

before this court, we need not consider this issue.

   [2] PACER, "Public Access to Court Electronic Records," "is an electronic public access service that allows users to obtain case and docket information from federal appellate, district and bankruptcy courts." PACER, http://www.pacer.gov (last visited Aug. 23, 2011).

4

extension reasonable." BCA then filed the district court's extension order in this court in response to our show cause order, arguing that its notice of appeal filed on August 10, 2010, was timely. BLM and the intervenors filed responses,[3] contending that the district court abused its discretion in granting the extension based on excusable neglect and that this court lacks jurisdiction over BCA's appeal.

## II

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007). As a general matter, "[i]n a civil case, . . . the notice of appeal . . . must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A); see also 28 U.S.C. § 2107(a). However, "[w]hen the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(B); see also 28 U.S.C. § 2107(b). It is undisputed that BCA filed its notice of appeal one day after the sixty-day time period elapsed.

Nevertheless, pursuant to Federal Rule of Appellate Procedure 4(a)(5), which implements 28 U.S.C. § 2107(c),

> (A) The district court may extend the time to file a notice of appeal if:
>     (i) a party so moves no later than 30 days after the time prescribed by this

---

[3] BP and EnCana also filed separate appeals (case numbers 10-8098 and 10-8099) from the district court's extension order. These appeals were consolidated into the present action.

> Rule 4(a) expires; and
>
> (ii) . . . that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5).  Here, the district court granted BCA's motion for an extension, finding that BCA made "an adequate showing of excusable neglect."[4]

### III

BLM and the intervenors contend that the district court erred in granting BCA an extension to file its notice of appeal based on excusable neglect.  "[A] trial court's finding as to the presence or absence of 'excusable neglect' as that term is used in Fed. R. App. P. 4 should not be overturned by us on appeal unless there has been a clear abuse of discretion."  United States v. Torres, 372 F.3d 1159, 1161 (10th Cir. 2004) (alteration in original) (internal quotation marks omitted).  Based on our decision in Torres, we conclude that the district court abused its discretion in finding excusable neglect in these cases.

The Supreme Court, in Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993), addressed the meaning of "excusable neglect"

---

[4] We note that the district court also found that BCA made "an adequate showing of . . . good cause."  However, BCA did not argue that "good cause" existed before the district court and did not assert this argument on appeal.  Regardless, the circumstances here do not support a finding of "good cause."  "Good cause comes into play in situations in which there is no fault-excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."  Bishop v. Corsentino, 371 F.3d 1203, 1207 (10th Cir. 2004) (internal quotation marks omitted).  While BCA's counsel might not have received the district court's judgment until June 11, 2010, it was entirely within her control to identify the date the judgment was entered and to properly calculate the time period to file the notice of appeal.

in the context of Federal Rule of Bankruptcy Procedure 9006(b)(1).  There, the Supreme Court explained that the determination of whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  Id. at 395.  The relevant circumstances, the Court explained, include "[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith."  Id.  We have in turn applied Pioneer's analysis of what constitutes "excusable neglect" in the context of Federal Rule of Appellate Procedure 4(a)(5).  City of Chanute v. Williams Natural Gas Co., 31 F.3d 1041, 1046 (10th Cir. 1994); see also Torres, 372 F.3d at 1162.

When the Pioneer analysis is applied to the facts presented in these cases, three of the four relevant circumstances weigh in favor of a finding of excusable neglect.  Neither BLM nor the intervenors have demonstrated that they would be prejudiced by the delay if BCA's appeal is permitted to proceed; BCA filed its notice of appeal only one day after the sixty-day time period elapsed; and there is no indication that BCA's counsel acted in bad faith.  In fact, BLM concedes these points.  BLM Memo. Br. on Juris. at 3 ("The Federal Defendant does not dispute that three of the four factors weigh in favor of a finding of excusable neglect.").  However, based on the reason for BCA's delay in filing the notice of appeal, the Torres decision necessitates the conclusion that the district court abused its discretion in finding excusable neglect.

7

In Torres, Torres's counsel filed a notice of appeal in a criminal case eighteen days after the entry of the district court's judgment, which was after the ten-day time period to file criminal appeals pursuant to Federal Rule Appellate Procedure 4(b)(1)[5] had expired. Torres, 372 F.3d at 1160. Torres then filed a motion in the district court to extend the time to file a notice of appeal based on excusable neglect, "explaining that defense counsel had incorrectly believed that [Torres] had 30 days following entry of judgment in which to file an appeal." Id. The district court granted the extension, finding that Torres's "untimeliness was the result of excusable neglect." Id.

However, on appeal, we concluded that the district court abused its discretion in finding excusable neglect. Id. at 1162. We applied the Pioneer analysis, noting that three of the four relevant circumstances – the same three relevant circumstances weighing in favor of BCA here – weighed in favor of a finding of excusable neglect. Id. at 1162–63. Nevertheless, we explained that "fault in the delay remains a very important factor-perhaps the most important single factor-in determining whether neglect is excusable." Id. at 1163 (internal quotation marks omitted). We noted that "[t]he reason for the delay . . . was simply that defense counsel confused the filing deadlines for civil and criminal appeals" and concluded that "counsel's misinterpretation of a readily accessible, unambiguous rule cannot be grounds for relief." Id.

The reason for the delay in the present cases is indistinguishable from Torres.

_____

[5]The time period to file a criminal appeal has since been changed to fourteen days. See Fed. R. App. P. 4(b)(1)(A) (2009).

Here, BCA's counsel claims that she did not receive the district court's judgment until June 11, 2010, and that she measured the deadline for filing the notice of appeal from the date she received the judgment. However, Federal Rule of Appellate Procedure 4(a)(1)(B) unambiguously states that the sixty-day time frame is measured from the date of the entry of the judgment. Thus, regardless of when BCA's counsel received notice of the judgment, she had sixty days from the date the judgment was entered to file the notice of appeal under the rule. In fact, BCA's counsel knew that the district court's judgment was entered on June 10, 2010, because she correctly identified this date as the date the district court entered judgment in BCA's notice of appeal filed on August 10, 2010. As a result, the untimely filing was simply based on counsel's miscalculation of the deadline or a failure to read the rule, which cannot constitute excusable neglect under Torres. Her additional explanation regarding her inexperience in federal court is similarly unavailing. Thus, while the result may appear to be harsh, Torres necessitates the conclusion that the district court erred in granting BCA an extension to file its notice of appeal based on excusable neglect. Because BCA's notice of appeal was untimely, we lack jurisdiction to consider case number 10-8064.

IV

We reverse the district court's decision granting BCA an extension to file its notice of appeal and dismiss case number 10-8064 for lack of jurisdiction. We also dismiss case numbers 10-8098 and 10-8099 as moot.

Entered for the Court

Mary Beck Briscoe
Chief Judge