**FILED**
**U.S. Bankruptcy Appellate Panel**
**of the Tenth Circuit**

**November 10, 2025**

**Anne Zoltani**
**Clerk**

NOT FOR PUBLICATION[1]

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE TENTH CIRCUIT

_____

IN RE AMY LIEBL DARTER, MD, PC,

Debtor.

_____

DOUGLAS GOULD, Chapter 7 Trustee,

Plaintiff - Appellee,

v.

KT WEAVER, KT WEAVER
CONSTRUCTION, LLC, and AMY
LIEBL-WEAVER,

Defendants - Appellants.

BAP No. WO-25-6

Bankr. No. 23-11680
Adv. No. 23-1057
Chapter 7

OPINION

_____

Appeal from the United States Bankruptcy Court
for the Western District of Oklahoma

_____

Submitted on the briefs.[2]

_____

Before **ROMERO**, Chief Judge, **HUNT**, and **HERREN**, Bankruptcy Judges.

_____

[1] This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8026-6.

[2] The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. Bankr. P. 8019(b). The case is therefore ordered submitted without oral argument.

**HERREN**, Bankruptcy Judge.

Appellants were one day late filing a notice of appeal, and on the same day filed a motion asking the Bankruptcy Court to extend the deadline to allow the untimely notice because of excusable neglect. Appellants claimed the late notice of appeal was an honest calendaring mistake made despite understanding the rule setting forth the deadline. The Bankruptcy Court denied the motion to extend the time for filing the notice of appeal, finding that miscalendaring a clear and unambiguous deadline was not enough to establish excusable neglect. Because the Bankruptcy Court did not err in its interpretation of the law or otherwise abuse its discretion in its ruling, we affirm.

## I.     Background

On December 16, 2024, the Bankruptcy Court entered its *Findings of Fact and Conclusions of Law* and *Journal Entry of Judgment* ("Judgment") for chapter 7 Trustee Douglas N. Gould (the "Trustee") and against Amy Liebl-Weaver, KT Weaver, and KT Weaver Construction, LLC (collectively "Appellants") following a two-day trial in an adversary proceeding involving claims of fraudulent transfer under 11 U.S.C. § 548,[3] civil conspiracy, and embezzlement. The Judgment awarded partial relief in favor of the Trustee against Appellants on the § 548 claims in the amount of $623,347.82, and partial relief in favor of Appellants on the Trustee's claims for civil conspiracy and embezzlement.

---

[3] Unless otherwise noted, all references to "Section," "§," "Bankruptcy Code," and "Code" refer to the U.S. Bankruptcy Code, 11 U.S.C. § 101, et seq., and all references to the "Rules" refer to the Federal Rules of Bankruptcy Procedure.

Subsequently, on December 31, 2024 (fifteen days after entry of the Judgment), Appellants filed a *Notice of Appeal* from the Judgment.[4] At the same time, Appellants filed a *Motion to Extend Time to File Notice of Appeal* ("Motion") under Rule 8002(d)(1)(B). On January 8, 2025, the Trustee filed a *Response to Motion to Extend Time* and, on January 23, 2025, the Bankruptcy Court entered an Order denying the Motion ("Order"). On February 4, 2025, Appellants appealed the Order.

## II.     Jurisdiction

The Court has jurisdiction to hear timely filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless a party elects to have the district court hear the appeal.[5] No party elected to have the district court hear the appeal. Appellants timely appealed the Order, which is a final order.[6] Thus, the Court has jurisdiction over this appeal.

## III.     Issues on Appeal and Standard of Review

Appellants assert the following issue on appeal: "Whether the [B]ankruptcy [C]ourt erred when it denied the Appellants' Motion to Extend Time to File Notice of Appeal based upon lack of 'excusable neglect.'"[7] Appellants then make two arguments: the Bankruptcy Court erred in its interpretation and application of the law; and the

---

[4] That appeal was assigned BAP Case No. WO-24-22. On March 3, 2025, the appeal was dismissed by this Court for lack of jurisdiction because it was untimely. *See* WO-24-22, *Order Dismissing Appeal* at 3.

[5] 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8003, 8005.

[6] *In re Higgins*, 220 B.R. 1022, 1025 (10th Cir. BAP 1998) ("An order denying a motion for extension of time to file a notice of appeal is a 'final order,' from which an appeal will lie.").

[7] Appellants' Opening Br. at 5.

3

Bankruptcy Court abused its discretion by resolving the Motion without an evidentiary hearing.

The Court reviews a bankruptcy court's order denying an extension of time for abuse of discretion.[8] The Court also reviews a bankruptcy court's decision not to hold an evidentiary hearing for an abuse of discretion.[9] The abuse-of-discretion standard is highly deferential; reversal is warranted only if the bankruptcy court's decision was arbitrary, capricious, whimsical, or manifestly unreasonable.[10] A clear example of an abuse of discretion exists where the trial court "commits a legal error or relies on clearly erroneous factual findings."[11] "Questions regarding the application of a legal standard are reviewed *de novo*."[12] On mixed questions of whether the facts satisfy the proper legal standard, the Court also conducts "a *de novo* review if the question primarily involves the consideration of legal principles."[13]

---

[8] *In re Lang*, 305 B.R. 905, 908 (10th Cir. BAP 2004) (citing *Berger v. Buck (In re Buck)*, 220 B.R. 999, 1003 (10th Cir. BAP 1998) (abuse of discretion standard applied to denial of motion to extend time to file notice of appeal)).

[9] *Shaw v. AAA Eng'g & Drafting, Inc.*, 213 F.3d 538, 545 (10th Cir. 2000); *In re Lane*, No. WY–14–061, 2015 WL 5692519, at *6 (10th Cir. BAP 2015) (unpublished).

[10] *Moothart v. Bell*, 21 F.3d 1499, 1504–05 (10th Cir. 1994).

[11] *Cruz v. Farmers Ins. Exch.*, 42 F.4th 1205, 1210 (10th Cir. 2022) (internal citation omitted); *see also Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191 (10th Cir. 2018) ("'A clear example of an abuse of discretion exists where the trial court fails to consider the applicable legal standard or the facts upon which the exercise of its discretionary judgment is based." (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997))).

[12] *Carter-Waters Okla., Inc. v. Bank One Tr. Co., N.A. (In re Eufaula Indus. Auth.)*, 266 B.R. 483, 488 (10th Cir. BAP 2001).

[13] *Id.*

## IV.     Discussion

### a.     Statutory Framework

Rule 8002(a) provides a notice of appeal must be filed with the bankruptcy court within fourteen days after the judgment, order, or decree to be appealed is entered. A bankruptcy court may extend the time for filing the notice of appeal if a motion to extend is filed within the original fourteen-day period, or within twenty-one days after that time expires if the party shows excusable neglect.[14]

In 1993, in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, the Supreme Court interpreted the term "excusable neglect" as used in Rule 9006(b)(1), which permits a court to allow a late filing if the failure to act was due to excusable neglect.[15] In that case, a creditor's attorney filed a proof of claim after the bar date, allegedly because the deadline was not prominently disclosed in the notice of the creditors' meeting.[16] The Supreme Court held "excusable neglect" is a broad and equitable concept, extending beyond omissions caused by circumstances beyond the movant's control.[17] It concluded "neglect" encompasses inadvertence, mistake, or carelessness, and courts are not limited to granting relief only where a party was prevented from complying due to unforeseen circumstances.[18] To determine whether neglect is "excusable," the Supreme Court further directed courts to consider all relevant

---

[14] Fed. R. Bankr. P. 8002(d).
[15] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993).
[16] *Id.* at 384–85.
[17] *Id.* at 391–92.
[18] *Id.* at 388.

circumstances and identified four illustrative factors—none of which are dispositive—for

consideration in that analysis:

> (a) The danger of prejudice to the opposing party;
> (b) The length of the delay and its potential impact on judicial proceedings;
> (c) The reason for the delay, including whether it was within the reasonable control of the movant; and
> (d) Whether the movant acted in good faith.[19]

The Supreme Court declined to adopt a categorical approach, cautioned lower courts

against erecting bright-line rules excluding classes of errors from consideration, and

emphasized the need for flexibility and equitable judgment.[20] Applying this standard, the

Supreme Court found the creditor's delay was excusable under the circumstances of that

case.

Subsequently, in *United States v. Torres*, the Tenth Circuit addressed whether

counsel's misinterpretation of a deadline could constitute excusable neglect under Federal

Rule of Appellate Procedure 4(b)(4), which also contains an excusable neglect standard.[21]

In *Torres*, defense counsel filed a notice of appeal eighteen days late after confusing the

deadline for filing civil versus criminal appeals.[22] The district court granted an extension

of the appeal deadline based on excusable neglect, but the Tenth Circuit reversed and

held that a misreading of a clear and unambiguous rule does not constitute excusable

neglect under the *Pioneer* standard.[23] It recognized the term "excusable neglect" applies

---

[19] *Id.* at 395.
[20] *Id.* at 392, 396.
[21] 372 F.3d 1159 (10th Cir. 2004).
[22] *Id.* at 1161, 1163.
[23] *Id.* at 1163–64.

broadly across procedural rules that use the phrase and also emphasized fault in the delay is "perhaps the most important single factor" in the analysis. It noted that misinterpretation of a clear, unambiguous rule, even if in good faith, weighs heavily against a finding of excusable neglect.[24] Accordingly, the Tenth Circuit concluded defense counsel's misreading of a readily accessible, unambiguous rule did not constitute excusable neglect.[25]

The Tenth Circuit's unpublished decision in *Biodiversity Conservation Alliance v. Bureau of Land Management*[26] is also persuasive. In *Biodiversity*, the appellant sought to excuse an untimely notice of appeal under Federal Rule of Appellate Procedure 4(a)(5), which also allows for an extension of time for excusable neglect. There, "counsel claimed that when she checked her America Online (AOL) electronic mail account on June 10, 2010, she had not received the district court's judgment" and asserted that she ultimately did not receive it in her email until June 11, 2010.[27] She explained that she consequently calculated the time for filing an appeal based on receipt of the judgment on June 11, 2010, but later learned that the judgment was actually filed in the PACER system on June 10, 2010.[28] The district court, finding excusable neglect, extended the deadline to file a notice of appeal to August 10, 2010—just one day past the original deadline to appeal.

---

[24] *Id.* at 1163.

[25] *Id.*

[26] 438 F. App'x 669 (10th Cir. 2011) (unpublished).

[27] *Id.* at 670–71. Counsel suggested the discrepancy might have resulted from an internal server issue of the PACER system used to electronically deliver documents or some delay within the AOL system. *Id.* at 671.

[28] *Id.*

Following an appeal, the Tenth Circuit determined the district court abused its discretion in finding excusable neglect and extending the deadline. The decision acknowledged counsel's explanation but found it insufficient to establish excusable neglect. The Circuit emphasized that counsel's reason for delay was indistinguishable from the reason for delay in *Torres*. Thus, the Circuit determined that, under the binding precedent established in *Torres*, the untimely filing caused by the attorney's mistake in calculating the deadline—due to either misreading the rule or counting from the date of her receipt of the judgment instead of its entry date—could not qualify as excusable neglect.[29]

### b.    The Bankruptcy Court did not err in denying the Motion.

As noted above, Appellant raises two arguments: (1) the Bankruptcy Court erred in its interpretation and application of "excusable neglect" under *Pioneer*; and (2) the Bankruptcy Court abused its discretion by resolving the Motion without providing Appellants an opportunity for an evidentiary hearing.

> *i.    The Bankruptcy Court did not err in its interpretation and application of "excusable neglect" under Pioneer.*

In their Motion, Appellants acknowledged the Judgment was entered on December 16, 2024, and that counsel did not receive notice until December 17, 2024. They stated the deadline to file a notice of appeal was "mistakenly docketed" and counsel "did not

---

[29] *Id.* at 673 ("As a result, the untimely filing was simply based on counsel's miscalculation of the deadline or a failure to read the rule, which cannot constitute excusable neglect under *Torres*.").

realize the mistake" until preparing the Notice of Appeal.[30] The Motion concluded by asserting: "Based upon the foregoing circumstances, good cause exists to extend [Appellants'] time to file their Notice of Appeal."[31]

The Bankruptcy Court denied the Motion, finding Appellants' counsel miscalculated the appeal deadline by relying on the date he received electronic notice of the Judgment, rather than the date of entry, as required by Rule 8002(a)(1). The Bankruptcy Court emphasized that "[e]xcusable neglect" is an equitable concept, and while *Pioneer* requires courts to consider all relevant factors, the Tenth Circuit has recognized that the "reason for the delay" is "perhaps the most important single factor."[32] While acknowledging that certain *Pioneer* factors favored Appellants (minimal prejudice, a short delay, and good faith), the Bankruptcy Court found the calendaring error resulted from a miscalculation or misunderstanding of an unambiguous rule and was entirely within counsel's control. Thus, the Bankruptcy Court concluded Appellants failed to establish excusable neglect.[33]

Appellants argue the Bankruptcy Court misapplied *Pioneer* by giving disproportionate weight to the "reason for the delay" and failing to engage in a balanced analysis of all four factors.[34] They contend the Bankruptcy Court imposed a bright-line rule against calendaring errors, contrary to *Pioneer*'s flexible, totality-of-the-

---

[30] Motion at 2 in Appellants' App. at 65.

[31] *Id.* at 3 in Appellants' App. at 66.

[32] *See* Order at 5–7 in Appellants' App. at 80–82 (quoting *Biodiversity*, 438 F. App'x at 673; *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)).

[33] *Id*. at 5–8 in Appellants' App. at 80–83.

[34] Appellants' Opening Br. at 7–9, 11–12.

circumstances approach.[35] Appellants also argue the Bankruptcy Court erred by determining it was required to find against Appellants based on the reasoning in *Torres*. Appellants contend the error was a one-day calendaring mistake, not indifference or a misunderstanding regarding the rules, and thus, the error should not be deemed inexcusable where there was no prejudice, bad faith, or significant delay.[36]

Addressing these two arguments in order, the Bankruptcy Court did not err in its interpretation of *Pioneer*. It applied the *Pioneer* framework and fully considered each of the four factors. While the Bankruptcy Court emphasized the third factor, the reason for the delay, it did so consistent with rulings from the Tenth Circuit, which repeatedly emphasize this factor may be dispositive.[37] Thus, the Bankruptcy Court did not adopt a bright-line rule in contravention of *Pioneer*.

Second, Appellants characterize the calendaring error as a "simple episode of absent-mindedness" rather than a misreading or misinterpretation of the rules.[38] They

---

[35] *Id.* at 12–14.

[36] *Id.* at 13–14.

[37] *E.g.*, *United States v. Allen*, No. 21-6067, 2022 WL 535144, at *2 (10th Cir. Feb. 23, 2022) (unpublished) ("And because the reason for the delay is the most important factor in the analysis, the district court weighed this factor more heavily than the others and concluded that Allen failed to show excusable neglect."); *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) ("The most important factor is the third; an inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect."); *Biodiversity*, 438 F. App'x at 673 ("[T]he untimely filing was simply based on counsel's miscalculation of the deadline or a failure to read the rule, which cannot constitute excusable neglect under *Torres*."); *Torres*, 372 F.3d at 1163; *City of Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994) ("It is true that fault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable.").

[38] Appellants' Opening Br. at 13.

10

argue *Torres* does not compel a finding of inexcusable neglect because it is factually different from this case in that counsel here did not misread the Rule as in *Torres*, but simply failed to properly identify the date of entry of the Judgment based on the mistaken belief that the Bankruptcy Court's email notice reflected the entry date.

Although it was an unpublished opinion, the Tenth Circuit explicitly rejected this argument in *Biodiversity* in holding an "untimely filing . . . based on counsel's *miscalculation* of the deadline . . . cannot constitute excusable neglect under *Torres*."[39] Counsel's "miscalculation" in *Biodiversity* was also calculating the deadline from the date she electronically received the judgment, instead of from the date on which the judgment was entered. Although *Biodiversity* is not a published decision, it is persuasive authority. Applying that reasoning here, the Bankruptcy Court's determination that Appellants' calendaring error did not amount to excusable neglect is consistent with both *Biodiversity* and controlling Tenth Circuit precedent.

This Court must defer to the Bankruptcy Court's factual findings—that the error stemmed from counsel's miscalculation or a misunderstanding of a rule and was within counsel's control—unless those findings lack any credible evidentiary support or are irrational based on the record.[40] There is nothing in the record to suggest that is the case here.

---

[39] *Biodiversity*, 438 F. App'x at 673 (emphasis added).

[40] *In re Stewart*, 604 B.R. 900, 906 (10th Cir. 2019) (quoting *In re Mama D'Angelo, Inc.*, 55 F.3d 552, 555 (10th Cir. 1995) ("It is the responsibility of an appellate court to accept the ultimate factual determination of the fact-finder unless that determination either (1) is completely devoid of minimum evidentiary support displaying

Accordingly, the Bankruptcy Court did not err in its interpretation of *Pioneer*, nor did it abuse its discretion in applying *Pioneer* to the facts.

              ii.      *The Bankruptcy Court did not abuse its discretion by resolving the Motion without holding a hearing.*

The Bankruptcy Court resolved the Motion without conducting a hearing. It determined the relevant facts, namely, the date of Judgment entry, the date of counsel's receipt of electronic notice, and the calendaring mistake, and these facts were undisputed based on the parties' briefing.[41]

Appellants argue a hearing would have allowed them to clarify the "ambiguity" surrounding the nature of the calendaring error.[42] They contend the Bankruptcy Court "mistakenly" assumed counsel did not read Rule 8002(a)(1), and argue a hearing was necessary to explain counsel's mistake arose from misidentifying the date of entry, not from misunderstanding the rule itself.[43]

The Bankruptcy Court for the Western District of Oklahoma has adopted local rules. Specifically, Local Rule 9013-1(F) provides hearings "may not be conducted routinely unless" expressly requested or required "by an applicable Bankruptcy Rule."[44] While Appellants included a standard "notice of opportunity for hearing" in the Motion

---

some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data.")).

[41] Order at 5–6 in Appellants' App. at 80–81.

[42] Appellants' Opening Br. at 13.

[43] *Id.* at 12–13.

[44] Local Rule 9013-1(F) ("Hearings on requests for relief may not be conducted routinely unless requested or unless required by an applicable Bankruptcy Rule.").

as required by Local Rule 9013-1(G),[45] that language does not constitute a hearing request. Appellants' counsel stated in the Motion he "attempted to contact Court chambers the afternoon of December 31, 2024, to obtain a hearing date,"[46] but the Bankruptcy Court did not rule on the Motion until January 23, 2025. The record reflects no additional efforts by Appellants to formally request or pursue an evidentiary hearing in any way during this period. The Tenth Circuit has made clear a "court does not abuse its discretion in deciding not to hold an evidentiary hearing when no such request is ever made."[47]

More importantly, even if a hearing had been properly requested, the record reflects that the calendaring mistake—counsel's reliance on the date of receipt of the notice rather than the docketed entry date—was fully presented in the Motion, and Appellants did not identify any disputed material facts. The Order turned on the legal sufficiency of counsel's excuse under the excusable neglect standard. Even if a hearing might have clarified further that Appellant's counsel properly understood the rule but simply miscalculated the deadline because of a failure to base it on the date the Judgment

---

[45] Local Rule 9013-1(G) requires "all motions or requests for relief" to include specified language concerning the notice of *opportunity* for hearing.

[46] Motion at 3 in Appellants' App. at 66.

[47] *Robinson v. City of Edmond*, 160 F.3d 1275, 1286 (10th Cir. 1998). *See also In re Padilla*, No. CO–08–044, 2008 WL 4570268, at *2 (10th Cir. BAP Oct. 14, 2008) (unpublished) (explaining "only an 'opportunity for a hearing,' and not an actual hearing is required" under the Code's "after notice and a hearing" standard); *Jones v. Azar*, 447 F. Supp. 3d 1121, 1148 (D. Kan. 2020) (noting motions may be resolved without a hearing where "the issues and evidence presented can be adequately addressed by review of the briefs and accompanying materials") (citing *Justice v. Wallace*, 185 F. App'x 745, 748 (10th Cir. 2006) (unpublished)).

was entered instead of when counsel received notice of the Judgment, the result would be the same under the reasoning of the *Biodiversity* case. The Bankruptcy Court did not abuse its discretion in denying the Motion without a hearing.

## V.     Conclusion

The Bankruptcy Court applied the correct legal standard, considered the relevant *Pioneer* factors, and acted within the bounds of its discretion. Although the Tenth Circuit's decision in *Biodiversity* is not binding precedent, we do not think there can be an abuse of discretion when the Bankruptcy Court rules consistently with a persuasive Tenth Circuit decision that is directly relevant to the facts before it. Accordingly, the Order of the Bankruptcy Court is AFFIRMED.